United States District Court
District of South Carolina

| | |
|---|---|
| Michael Jones, *(aka Michael L. Jones)*, #259166;<br><br>Plaintiff,<br><br>vs.<br><br>Capt. FNU Nolan; Lt. FNU Graham w/male; Assistant Warden Robin Chavis, Evans Correctional Institution, sued in their official and individual capacity;<br><br>Defendants. | C/A No. 3:04-1569-TLW-JRM<br><br><br><br>**Report and Recommendation** |

The Plaintiff, Michael Jones (hereafter, the "Plaintiff"), commenced this action as a state prisoner proceeding *pro se* and seeking monetary damages under Title 42 United States Code §1983. In his Complaint, Plaintiff alleged that in March, 2003, while incarcerated at Evans Correctional Institution (ECI), he purchased books and magazines from a vendor outside ECI but that his packages were later seized by the Defendants and not returned to him. He asserted that he later saw some of these items in the ECI library. On the basis of these allegations, Plaintiff sought to recover monetary damages for violations of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff claimed that seizure of the materials deprived him access to religious readings and law books (presumably required for conduct of court proceedings). Plaintiff believed that the loss of his property constituted cruel and unusual punishment. [1-1.]

Under Houston v. Lack, 487 U.S. 266 (1988), Plaintiff commenced this petition on May 17, 2004. A week before, he had filed an Amended Complaint in Plaintiff v. McFadden, et al., 3:04-1275-TLW-JRM (D.S.C. 2004). This action raised the same constitutional issues – religious

1

freedom, access to courts and taking of property – based on the same allegations of misconduct presented in his prior action.[1]

The undersigned screened this action pursuant to 28 U.S.C. § 1915A.  Based upon its duplication of the earlier case, the undersigned filed a Report on June 1, 2004, recommending dismissal without service of process upon the defendants.  See Aziz v. Burrows, 976 F. 2d 1159 (8th Cir. 1988); Bailey v. Johnson, 846 F. 2d 1019 (5th Cir. 1988).[2]  Plaintiff filed objections to the Report.  Plaintiff proposed to amend his complaint "to properly clarify the allegation presented."

On March 18, 2005, the Honorable Terry L. Wooten, Judge of the United States District Court for the District of South Carolina, filed an order which noted the intervening dismissal of McFadden, supra.  The order granted Plaintiff's request to amend his complaint in this action and directed that Plaintiff file the amended complaint within twenty (20) days.  Failure to do so would result in dismissal of this action.

On March 28, 2005, Judge Wooten's order was returned to this Court.  It was "undeliverable" at Plaintiff's last address – Allendale Correctional Institution, Fairfax, South Carolina.  Despite earlier orders of this Court, Plaintiff apparently did not provide any notice of an address change in this case.  In another case, Jones v. Blandshaw, 3:04-2029-TLW-JRM (D.S.C. 2004), Plaintiff did provide a new address which he indicated would take effect on February 1, 2005: Michael Jones, 5082 Chateau Avenue, Charleston, S.C. 29405.  On May 10, 2005, the Clerk

---

[1] – In addition to property loss, McFadden., supra, also raised claims of other staff misconduct, mishandling of grievances, denial of medical care and denial of due process in disciplinary proceedings.  Plaintiff sought monetary damages, mainly for emotional distress.  On June 15, 2004, the undersigned filed a Report in McFadden, supra, recommending summary dismissal for failure to state a claim upon which relief could be granted.  On August 6, 2004, the Honorable Terry L. Wooten, United States District Judge, filed an Order which overruled Plaintiff's objections and adopted the Report.  Judgment was entered on August 11, 2004, and the case was closed.

[2] – The United States Court of Appeals for the Fourth Circuit has cited Aziz with approval in an unpublished opinion, Cottle v. Bell, 229 F. 3d 1142 (4th Cir. 2000), 2000WL 1144623 (4th Cir. (N.C.)).

of Court sent Judge Wooten's order to this new address and set a deadline of May 31, 2005, for Plaintiff to comply with that order.

As of this date, Plaintiff has not filed the amended complaint as directed by this Court. A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989); <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982); <u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

As a *pro se* litigant, Plaintiff is entitled to liberal construction of her pleadings. He is not, however, entitled to disregard orders of this Court. No other reasonable sanction than dismissal is available.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the Complaint herein be dismissed without prejudice and without issuance of service of process. The Plaintiff's attention is directed to the notice on the next page.

                Respectfully Submitted,

                s/Joseph R. McCrorey
                United States Magistrate Judge

June 8, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

4